UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RENE GALVAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04446-SEB-MPB |
| | ) | |
| STATE OF INDIANA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
PARTIAL MOTION TO DISMISS**

This cause is before the Court on Defendants' Partial Motion to Dismiss [Docket No. 17], filed on January 29, 2020 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff Rene Galvan, Jr. brings this action against Defendants Joanie Crum, Regional Manager of the Indiana Department of Child Services, and the State of Indiana, pursuant to 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964. Mr. Galvan alleges that he was discriminated against on the basis of his race and sex and that he was retaliated against when he complained of the alleged discrimination. Defendants have moved to dismiss Mr. Galvan's § 1981 claims as well as his § 1983 claim against Ms. Crum in her official capacity. For the reasons detailed below, we GRANT Defendants' Partial Motion to Dismiss with respect to Plaintiff's § 1981 claims;

---

[1] The instant motion to dismiss is directed at Plaintiff's Amended Complaint. Defendants also moved for partial dismissal of Plaintiff's original complaint [Docket No. 7], which motion is hereby DENIED AS MOOT given the filing of the Amended Complaint.

1

however, we DENY Defendants' Partial Motion to Dismiss with respect to Plaintiff's § 1983 claim against Ms. Crum in her official capacity.

## Factual Background

Plaintiff, Rene Galvan, an Hispanic male, was an employee of the Indiana Department of Child Services from December 2012 until November 2018. Am. Compl. ¶¶ 4, 7, 57. From 2015 until his termination, Plaintiff was a Family Case Manager Supervisor in Madison County. *Id.* ¶ 9-10. Defendant Joanie Crum was the Regional Manager for Madison County and served as Mr. Galvan's supervisor at the time the events occurred which gave rise to this lawsuit. *Id.* ¶ 14. On November 8, 2018, Ms. Crum terminated Mr. Galvan's employment, *Id.* ¶ 57, and Mr. Galvan commenced this lawsuit soon thereafter.

Mr. Galvan has alleged race discrimination, sex discrimination, and retaliation claims against the State of Indiana and Ms. Crum, in both her official and individual capacities under § 1981, § 1983, Title VII, and "related sections." Am. Compl. ¶¶ 64-69. Mr. Galvan also alleges that he was denied due process of law, in violation of "Sections 1981a, 1983, and related sections, and the Fourteenth Amendment," but this claim—unlike the others—is asserted only against Ms. Crum in her official and individual capacities, not against the State. *Id.* ¶¶ 70-71. Mr. Galvan seeks to recover compensatory damages, punitive damages, and reinstatement as well as "all other just and proper relief." *Id.* ¶¶ 65, 67, 69, 71.

Defendants moved to partially dismiss Mr. Galvan's original complaint on January 6, 2020. After Mr. Galvan amended his complaint in response, Defendants renewed their

2

motion on January 29, 2020 seeking dismissal of Mr. Galvan's § 1981 claims and his § 1983 claim brought against Ms. Crum in her official capacity on the grounds that: (1) "42 U.S.C. § 1981 does not create a cause of action against state actors"; and (2) "Joanie R. Crum (in her official capacity) is not a 'persons' who may be sued under 42 U.S.C. § 1983." Dkt. 17. We address these arguments in turn below.

## **Legal Analysis**

**I.      Standard of Review**

Defendants have filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When considering whether a plaintiff has failed to state a claim upon which relief can be granted, the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see FED. R. CIV. P. 8(a)(2). While the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), the claim asserted must still be "legally cognizable." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). If the factual allegations of the complaint, taken as true, do not support a legally cognizable claim for relief, the Court will grant dismissal. *See id.*

## II. Discussion

### A. 42 U.S.C. § 1981

Defendants assert that Plaintiff's claims brought pursuant to 42 U.S.C. § 1981 should be dismissed because § 1981 "does not allow a cause of action against state actors." Br. Supp. Defs.' Partial Mot. Dismiss, at 1. Plaintiff does not address the issue in his response brief, *see* Pl.'s Resp. Opp'n Defs.' Renewed Partial Mot. Dismiss, and caselaw supports Defendants' contention. The Seventh Circuit has held that "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." *Campbell v. Forest Preserve Dist. of Cook County*, 752 F.3d 665, 671 (7th Cir. 2014). As a Regional Manager for the Indiana Department of Child Services, Ms. Crum is unquestionably a state actor, and Plaintiff does not argue otherwise. Accordingly, "[b]ecause 42 U.S.C. § 1981 does not create a private right of action against state actors," *id.*, Plaintiff's § 1981 claims against Ms. Crum and the State of Indiana must be dismissed for failure to state a claim upon which relief can be granted.

### B. *Ex parte Young*

Defendants argue that Plaintiff's § 1983 claim against Ms. Crum in her official capacity should also be dismissed, because "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff, in turn, argues that this case falls under the *Ex parte Young* exception, which allows a plaintiff to maintain a suit against a state official acting in his or her official capacity if the plaintiff alleges an ongoing violation of federal law and

requests prospective relief. *McDonough Associates, Inc. v. Grunloh*, 722 F.3d 1043, 1049-50 (7th Cir. 2013) (*citing Ex parte Young*, 209 U.S. 123 (1908)).

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Serv. Commission of Maryland*, 535 U.S. 635, 645 (2002) (quotation marks and citations omitted). Here, Defendants concede that Mr. Galvan seeks the prospective relief of reinstatement and they put forth no argument that such relief is unavailable. Br. Supp. Defs.' Partial Mot. Dismiss, at 4. In *Kashani v. Purdue University*, a factually analogous case, the Seventh Circuit permitted a terminated employee's discrimination suit to go forward against state officials because the plaintiff sought the injunctive relief of reinstatement. 813 F.2d 843, 848 (7th Cir. 1987); *see also Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000) ("[A]n injunction that orders a state employee who has been demoted because of his exercise of a federally protected right to be restored to his previous position is not barred by the Eleventh Amendment even though it imposes a salary obligation on the state.").

Defendants argue that, despite the prospective relief sought, *Ex parte Young* is not applicable here because the alleged violation of federal law—namely the allegedly wrongful termination of Mr. Galvan's employment—is a discrete rather than ongoing wrong. In support of this contention, Defendants point to *Sonnleitner v. York* for the proposition that a demotion (or a termination) represents "a past rather than ongoing violation of federal law." 304 F.3d 704, 718 (7th Cir. 2002). However, the Seventh

5

Circuit in *Sonnleitner* clearly stated that the alleged ongoing violation of federal law at issue there "was not the demotion as such, but, instead, the fact that the demotion occurred without an adequate opportunity to be heard, either through an additional predisciplinary hearing or a sufficiently prompt post-disciplinary hearing." *Id.* The court concluded that the proper remedy in that case would have been to order that the plaintiff be afforded a hearing, but because the plaintiff had "eventually [been] given an opportunity to tell his side of the story" to his employer, the court decided there was no ongoing violation of law with respect to the lack of a hearing. *Id.* "Consequently, *Sonnleitner* did not hold that a demotion is not an ongoing violation of federal law." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 324 n.4 (5th Cir. 2008).

Indeed, following *Sonnleitner*, "[t]he Seventh Circuit has . . . continued to indicate that when an individual's termination or dismissal directly violates a federal constitutional or statutory guarantee, he may maintain a suit for reinstatement." *Doe v. Board of Trustees of the Univ. of Illinois*, 429 F. Supp. 2d 930, 941 (N.D. Ill. 2006) (citations omitted). For example, the Seventh Circuit implicitly reaffirmed this principle in *Levenstein v. Salafsky*, 414 F.3d 767 (7th Cir. 2005), a case decided after *Sonnleitner*, when it upheld the district court's decision to permit a terminated employee's suit for reinstatement to be maintained under the *Ex parte Young* exception. *Id.* at 772 ("Nevertheless, under the well-recognized theory of *Ex parte Young* . . . [plaintiff] was entitled to pursue injunctive relief [of reinstatement] against [defendants] for actions they took in violation of his constitutional rights.").

For these reasons, we hold that Mr. Galvan's claims seeking the prospective relief of reinstatement fall within the *Ex parte Young* exception and are thus not barred by the doctrine of sovereign immunity. Accordingly, Defendants' motion to dismiss Plaintiff's § 1983 claim against Ms. Crum in her official capacity must be denied but it shall continue in this limited fashion relating only to the claim for reinstatement, not for monetary relief, consistent with Seventh Circuit precedent.

**III.  Conclusion**

For the reasons detailed above, Defendants' Partial Motion to Dismiss [Dkt. 17] is <u>GRANTED IN PART,</u> namely, with respect to Plaintiff's claims based on 42 U.S.C. § 1981, and <u>DENIED IN PART</u>, namely, with respect to Plaintiff's reinstatement claim based on 42 U.S.C. § 1983 against Ms. Crum in her official capacity. Defendants' prior Partial Motion to Dismiss [Dkt. 7] is <u>DENIED AS MOOT</u>.  This case will proceed on Plaintiff's § 1983 and Title VII claims.

IT IS SO ORDERED.

Date:  _____06/01/2020_____         _____*Sarah Evans Barker*_____
                                          SARAH EVANS BARKER, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Distribution:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

Benjamin C. Ellis
INDIANA ATTORNEY GENERAL
Benjamin.Ellis@atg.in.gov